# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

PABLO A. DAMIANI,          )
        Plaintiff,       )
        v.             )     C.A. No. N14C-05-186-ALR
GEORGE GILL (Sergeant)     )
        Defendant     )

Submitted:  January 23, 2015
Decided:  January 26, 2015

*Upon Plaintiff's Motion for Appointment of Counsel*
**DENIED**

Self-represented litigants in civil proceedings have no legal or equitable right to appointed counsel.[1] Moreover, when the Court applies the analysis set forth by the Third Circuit Court of Appeals for appointment of counsel, the Court finds that appointment of counsel is neither necessary nor appropriate, as follows: (i) plaintiff has demonstrated the ability to present his own case; (ii) plaintiff is in the nest position to develop the facts on his own behalf; (iii) significant factual investigation is not necessary as plaintiff is likely is own main witness; (iv) the case is likely to turn on credibility determinations; (v) expert testimony will not be

---

[1]*Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) ("Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel."); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Boulware v. Battaglia*, 344 F. Supp. 889, 903 (D. Del. 1972).

required; and (vi) plaintiff's inability to afford counsel is not significant under the circumstances presented.[2]

NOW, THEREFORE, this 26th day of January, 2015 Plaintiff's Motion for Appointment of Counsel is hereby DENIED.

IT IS SO ORDERED.

*Andrea L. Rocanelli*

_____

**Honorable Andrea L. Rocanelli**

---

[2] *Parham*, 126 F.3d at 457 (delineating the criteria under which an indigent litigant is entitled to have counsel appointed as developed in *Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)).